| | |
|---|---|
| David S. Golub (pro hac vice forthcoming)<br>Steven L. Bloch (pro hac vice)<br>Ian W. Sloss (pro hac vice)<br>Johnathan Seredynski (pro hac vice)<br>Jennifer Sclar (pro hac vice forthcoming)<br>SILVER GOLUB & TEITELL LLP<br>One Landmark Square, Floor 15<br>Stamford, Connecticut 06901<br>Telephone: (203) 325-4491<br>dgolub@sgtlaw.com<br>sbloch@sgtlaw.com<br>isloss@sgtlaw.com<br>jseredynski@sgtlaw.com<br>jsclar@sgtlaw.com<br><br>*Attorneys for Plaintiffs and the Proposed Classes* | Victor Jih, Bar No. 186515<br>vjih@wsgr.com<br>Lisa D. Zang, Bar No. 294493<br>lzang@wsgr.com<br>Kelly H. Yin, Bar No. 328380<br>kyin@wsgr.com<br>WILSON SONSINI GOODRICH & ROSATI<br>1900 Avenue of The Stars, 28th Floor<br>Los Angeles, CA 90067<br>Telephone: 424.446.6900<br>Facsimile: 866.974.7329<br><br>Dylan G. Savage, Bar No. 310452<br>dsavage@wsgr.com<br>WILSON SONSINI GOODRICH & ROSATI<br>1301 Avenue of the Americas, 40th Floor<br>New York, NY 10019-6022<br>Telephone: 212.999.5800<br>Facsimile: 866.974.7329<br><br>*Attorneys for Defendant* |

[*Additional counsel on signature page.*]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| A.A., a minor, by and through their guardian ad Litem DEIDRE BOLIN; A.B., a minor, by and through their guardian ad Litem CARESS JOHNSON; A.C., a minor, by and through their guardian ad Litem GREGARY JOHNSON; A.D., a minor, by and through their guardian ad Litem TYLER LANGSOM; A.E., a minor, by and through their guardian ad Litem KEITH STRATTON; A.F., a minor, by and through their guardian ad Litem JACOB VANDERSMITTE, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>ROKU, INC.,<br><br>*Defendant.* | Case No. 5:25-cv-06284-NW-VKD<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:     January 13, 2026<br>Time:     9 a.m.<br>Judge:    Hon. Noël Wise<br>Location: Videoconference |

JOINT CASE MANAGEMENT CONFERENCE STATEMENT – 5:25-cv-06284-NW-VKD

Minor Plaintiffs A.A., A.B., A.C., A.D., A.E., and A.F. ("Plaintiffs"), by and through their respective guardians ad litem, and Defendant Roku, Inc. ("Roku" or "Defendant") (collectively, the "Parties") hereby provide this Joint Case Management Conference Statement in advance of the Court's Case Management Conference scheduled for January 13, 2026. The Parties previously provided a Joint Case Management Conference Statement on October 14, 2025 (ECF No. 34). A redline comparison showing differences between that Statement and this Statement is attached as Appendix A.

**1. Jurisdiction and Service:**

Plaintiffs allege that the Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C § 1332(d). No issues exist regarding personal jurisdiction or venue. Except for challenging Plaintiffs' Article III standing, Roku does not intend to contest subject matter jurisdiction. Service upon Roku was completed on September 4, 2025 (ECF No. 17). No Parties remain to be served.

**2. Facts:**

**Plaintiffs' Statement:** Roku is a leading television streaming platform in the United States. Plaintiffs, minors under the age of thirteen domiciled in California, Illinois, Nevada, and New Jersey, allege that Defendant impermissibly collected and used the personal information from minors under the age of thirteen who used Roku in violation of the federal Children's Online Privacy Protection Act ("COPPA"). Based upon these alleged actions, Plaintiffs assert the following claims: (1) violation of the Video Privacy Protection Act (VPPA), 18 U.S.C. § 2710; (2) common law intrusion upon seclusion under the laws of California, Illinois, Nevada, and New Jersey; (2) violation of California's Unfair Competition Law ("UCL"), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. Ann. 505/2 *et seq.,* the Nevada Trade Regulation And Practices Act, Nev. Rev. Stat. § 598.0903, *et seq.,* and the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1, *et. seq.*; (3) violation of the right to privacy enumerated in the California Constitution, Cal. Const. Art. 1, § 1; and (4) unjust enrichment under the laws of California, Illinois, Nevada, and New Jersey.

The principal factual issues in dispute are:

a. Whether Defendant collected or aided in the collection of the personal information of children under the age of thirteen;

b. Whether Defendant had knowledge it or others were collecting the personal information of children under the age of thirteen;

c. Whether Defendant obtained verifiable parental consent to collect the personal information of children under the age of thirteen; and

d. Whether Plaintiffs' personal information lost value due to the alleged collection and use of that data.

**Roku's Statement:** Roku owns and operates an online streaming platform. The most common way to access it is through Roku streaming devices (Roku-enabled streaming stick or a smart TV). Roku requires registration for an account in order to activate streaming on any Roku streaming device, access paid or subscription-based content on The Roku Channel, and manage subscriptions to third-party apps. Roku requires that accountholders be adults.

Account holders may permit others—such as family members, friends, or guests—to access and watch video content on their Roku account. Roku does not offer separate user profiles or sub-accounts for different viewers. All use of Roku's service occurs under the account holder's authorization and is associated with the account holder's account. Therefore, Roku cannot determine which specific person requested or viewed particular video content. Because Roku associates viewing activity with the Roku account rather than any individual, Plaintiff's allegations under the VPPA or COPPA are misplaced.

3. **Legal Issues:**

**Plaintiffs' Statement:** The key disputed legal issues are as follows:

a. Whether the collection of personal information of children under the age of thirteen is highly offensive to a reasonable person;

b. Whether the collection of personal information of children under the age of thirteen without parental consent is sufficiently serious and unwarranted as to constitute an

     egregious breach of social norms;

  c. Whether Defendant's conduct violated COPPA;

  d. Whether Defendant's conduct constituted an invasion of privacy based on California's and other states' common law protections against intrusion upon seclusion;

  e. Whether Defendant's conduct constituted a violation of the California Constitution right to privacy;

  f. Whether Defendant's conduct was unlawful or deceptive;

  g. Whether Defendant's conduct violated the California Unfair Competition Law, the Illinois Consumer Fraud and Deceptive Business Practices Act, the Nevada Trade Regulation and Practices Act, and the New Jersey Consumer Fraud Act;

  h. Whether Plaintiffs are entitled to class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure for any of their proposed classes;

  i. Whether Plaintiffs and the proposed classes are entitled to monetary damages, and the measure of those damages;

  j. Whether Plaintiffs and the proposed classes are entitled to restitution, disgorgement, and/or other equitable and injunctive relief;

  k. Whether Defendant was unjustly enriched by its conduct;

  l. Whether Defendant fraudulently concealed its conduct; and

  m. Whether Plaintiffs and the proposed classes are entitled to injunctive or other equitable relief.

**Roku's Statement:** Roku denies that it has violated any law, denies that Plaintiffs can prove any of their claims under any legal theory, and denies that Plaintiffs may pursue claims on behalf of any putative class. The primary legal issues to be determined in this action include:

  a. Whether Plaintiffs must arbitrate their claims against Roku;

  b. Whether Plaintiffs have adequately stated claims under Rule 12(b);

  c. Whether Plaintiffs' putative class can be maintained under Rule 23;

  d. Whether Plaintiffs can prove the elements of their statutory and common-law claims,

3

including establishing statutory and Article III standing.

4. **Motions:**

   a. **Prior Motions:** On October 17, 2025, Roku filed an administrative motion to sequence briefing (ECF No. 35), which the Court granted on November 13, 2025 (ECF No. 39).

   b. **Pending Motions:** On December 9, 2025, Roku filed a motion to compel arbitration (ECF No. 42). Plaintiffs' deadline to oppose the motion to compel arbitration is February 7, 2026, and Defendant's reply in support of the motion to compel arbitration is due thirty (30) days after Plaintiffs' opposition is filed (ECF No. 41).

   c. **Anticipated Motions:** If Roku's pending motion to compel arbitration (ECF No. 42) is denied, Roku anticipates filing a motion to dismiss, which Plaintiffs will oppose, by the deadline of thirty (30) days after a final resolution of the arbitration issue, including any interlocutory appeal (ECF No. 39). Plaintiffs will file a motion for class certification, which Roku will oppose. Both parties anticipate filing motions for summary judgment.

5. **Amendment of Pleadings:**

   **Plaintiff's Statement:** Plaintiffs do not currently anticipate amendment to or dismissal of the parties, claims, or defenses, but propose that a deadline for amendment of the pleadings be set following the Court's decision on Defendant's pending motion to compel arbitration.

   **Roku's Statement:** Roku reserves all rights to oppose requests by Plaintiffs to amend their complaint and takes the position that Plaintiffs must make a requisite showing before being permitted to amend any claims. Roku also reserves all rights to move against subsequently amended claims.

6. **Evidence Preservation:**

   The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. All Parties have undertaken to preserve potentially relevant evidence.

7. **Disclosures:**

If Roku's pending motion to compel arbitration (EFC No. 42) is denied, the Parties propose exchanging initial disclosures within 30 days after a final resolution of the arbitration issue.

8. **Discovery:**

No discovery has yet been exchanged. As noted above, if Roku's pending motion to compel arbitration (EFC No. 42) is denied, the Parties will exchange their initial disclosures within 30 days after a final resolution of the arbitration issue. As noted in Section 15 below, if Roku's pending motion to compel arbitration is denied, the Parties propose that they meet and confer and propose remaining pre-trial dates, including discovery-related dates, within 30 days after a final resolution of the arbitration issue. Discovery will cover both the substantive claim and defenses as well as class certification issues.

The Parties will confer on a stipulated ESI protocol and protective order and have agreed to serve all discovery electronically. The Parties have not identified any discovery disputes at this time. At this time, the Parties do not have any proposals for changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or local rules, and do not have any proposals for other orders that the Court should issue under Rule 26(c) or Rule 16(b) and (c).

9. **Class Certification:**

All attorneys of record for the Parties have reviewed the Procedural Guidance for Class Action Settlements.

**Plaintiffs' Statement:** Pursuant to Civil Local Rule 16-9(b), Plaintiffs provide the following statement regarding class action issues:

a. This action is maintainable as a class action under Rules 23(a) and 23(b)(3).
b. This action is brought on behalf of Plaintiffs and the following proposed classes and subclasses:
   i. **The National Class**: All persons who were 13 or younger when they used Roku, and from whom Defendant collected, caused to be collected, used, or disclosed Personal Information without first obtaining verified parental consent during the Class Period.

5
JOINT CASE MANAGEMENT CONFERENCE STATEMENT – 5:25-cv-06284-NW-VKD

      ii. **The California Class**: All persons residing in the State of California who were 13 or younger when they used Roku, and from whom Defendant collected, caused to be collected, used, or disclosed Personal Information without first obtaining verified parental consent during the Class Period.

      iii. **The Illinois Class**: All persons residing in the State of Illinois who were 13 or younger when they used Roku, and from whom Defendant collected, caused to be collected, used, or disclosed Personal Information without first obtaining verified parental consent during the Class Period.

      iv. **The Nevada Class**: All persons residing in the State of Nevada who were 13 or younger when they used Roku, and from whom Defendant collected, caused to be collected, used, or disclosed Personal Information without first obtaining verified parental consent during the Class Period.

      v. **The New Jersey Class**: All persons residing in the State of New Jersey who were 13 or younger when they used Roku, and from whom Defendant collected, caused to be collected, used, or disclosed Personal Information without first obtaining verified parental consent during the Class Period.

Excluded from these proposed classes and/or subclasses are: (a) any judge presiding over this action and members of their staff, as well as members of their families; (b) Defendant and Defendant's predecessors, parents, successors, heirs, assigns, subsidiaries, and any entity in which any Defendant or its parents have a controlling interest, as well as Defendant's current or former employees, agents, officers, and directors; (c) persons who properly execute and file a timely request for exclusion; (d) counsel for the Parties; and (e) the legal representatives, successors, and assigns of any such excluded persons.

    c. The following facts demonstrate that this action is maintainable as a class action:

      i. **Numerosity** – While the precise number of class members is presently unknown to Plaintiffs, Plaintiffs are informed and believe that the classes are made up of millions of individuals.

ii. **Common Questions –** All of the principal factual issues in dispute (*supra* Section 2) and disputed points of law (*supra* Section 3) are common to all class members, and predominate over any individual questions because these issues of fact and law will drive the resolution of the claims.

iii. **Typicality** – Plaintiffs' claims are typical of the claims of the other members of the proposed classes. Plaintiffs and class members suffered harm as a result of Defendant's wrongful conduct that is uniform across the classes.

iv. **Adequacy** – Plaintiffs have no interests adverse or antagonistic to those of the classes and has retained competent and experienced counsel to prosecute the action.

v. **Superiority** – Given the size and nature of individual class members' claims, the expense and burden of litigation make it economically and procedurally impracticable for class members to pursue individual claims.

d. The deadline for Plaintiffs to move for class certification is July 10, 2026 (ECF No. 37).

**Roku's Statement:** Roku believes that Plaintiffs will be unable to satisfy the requirements laid out in Rule 23 of the Federal Rules of Civil Procedure and would oppose Plaintiffs' motion for class certification.

**10. Related Cases:**

On April 29, 2025, a related case, *Nessel v. Roku, Inc.*, No. 2:25-cv-11221-SJM-CI, was filed in the United States District Court for the Eastern District of Michigan. That case was brought by Attorney General Dana Nessel on behalf of The People of the State of Michigan alleging substantially the same factual allegations and bringing similar claims under the Video Privacy Protection Act (18 U.S.C. § 2710), state privacy laws, state consumer protection laws, and common law unjust enrichment. The Attorney General brought additional claims under the Children's Online Privacy Protection Act (15 U.S.C. § 6501 *et seq.*).

On August 5, 2025, a related case, *E.A.R.R. et. al. v. Roku, Inc.*, No. CIVVS2505433, was filed in Superior Court for San Bernardino County, California. On September 19, 2025, Roku

removed the case to the United States District Court for the Central District of California, Eastern Division, where it is pending as *E.A.R.R., et. al. v. Roku, Inc.*, No. 5:25-cv-02474-JGB-DTB. That putative class action also alleges substantially the same facts as the others, but brings (both nationwide and with a California sub-class) claims under the Electronic Communications Privacy Act (18 U.S.C. § 2510 *et. seq.*) and the California Invasion of Privacy Act (Cal. Pen. Code § 631(a)).

On October 13, 2025, a related case, *Office of the Attorney General v. Roku, Inc. et. al.*, No. 25TC-233525993, was filed in the Circuit Court of the Twentieth Judicial District in and for Collier County, Florida. The case was brought by the Florida Office of the Attorney General, Department of Legal Affairs alleging substantially the same facts as the others and bringing claims under the Florida Digital Bill of Rights (Fla. Stat. § 501.701 *et. seq.*).

**11. Relief:**

**Plaintiffs' Statement:** Plaintiffs seek an order: (a) certifying this action as a class action, certifying the classes, and appointing Plaintiffs and their counsel to represent the classes; (b) declaring that Defendant's actions constitute a violation of the Video Privacy Protection Act, 18 U.S.C. § 2710; breaches of the common law claims of intrusion upon seclusion set forth above; violations of the state consumer protection statutes set forth above; a violation of the right to privacy under the California Constitution, Article I, Section 1; and resulted in unjust enrichment; (c) awarding Plaintiffs and the members of the Classes appropriate relief, including actual, compensatory, and/or statutory damages, and punitive damages (as permitted by law), in an amount to be determined at trial; (d) awarding any and all equitable, injunctive, and declaratory relief as may be appropriate, including disgorgement and restitution; (e) awarding all costs, including experts' fees, attorneys' fees, and the costs of prosecuting this action, and other relief as permitted by law; (f) awarding pre-judgment and post-judgment interest, as permitted by law; and (g) granting such other legal and equitable relief as the Court may deem appropriate.

**Roku's Statement:** Roku disputes that Plaintiffs are entitled to any relief for their claims, including actual, compensatory, liquidated, statutory, and punitive damages, injunctive, equitable, and declaratory relief, restitution, and attorneys' fees and costs. Roku further anticipates that

computation of alleged damages will require expert discovery and that it is premature to describe the bases on which any such damages should be calculated in the event it is liable (which Roku contests). Roku has not yet filed counterclaims but reserves the right to do so.

**12. Settlement and ADR:**

In accordance with ADR L.R. 3-5, the undersigned counsel have read the handbook entitled "Dispute Resolution Procedures in the Northern District of California," available at www.adr.cand.uscourts.gov. The Parties have not participated in ADR proceedings to date, but they are open to pursuing private mediation. The Parties agree that ADR will not be productive until the Court has resolved Defendant's motion to compel arbitration. At that point, the Parties will revisit whether ADR might be productive.

**13. Other References:**

Plaintiffs do not believe that this case is suitable for reference to a special master or the Judicial Panel on Multidistrict Litigation. Roku is not currently in a position to determine whether this case is suitable for reference to a special master or Judicial Panel on Multidistrict Litigation. Plaintiffs declined to proceed before a magistrate judge on August 8, 2025 (ECF No. 7).

**14. Narrowing of Issues:**

Rulings on Defendant's motion to compel arbitration, Defendant's anticipated motion to dismiss, Plaintiffs' anticipated motion for class certification, and any motions for summary judgment by the Parties, may narrow the scope of issues, claims, or defenses. The Parties are not presently aware of any issues in this case that can be resolved by agreement or stipulation.

**15. Scheduling:**

Defendant filed a motion to compel arbitration on December 9, 2025 (ECF No. 42). Plaintiffs' opposition to the motion to compel arbitration is due February 7, 2026, and Defendant's reply in support of the motion to compel arbitration is due thirty (30) days after Plaintiffs' opposition is filed (ECF No. 41).

Pursuant to the Case Management Order, the deadline to complete ADR is June 5, 2026; Plaintiffs' motion for class certification is due July 10, 2026; Defendant's opposition to the motion

for class certification is due July 24, 2026; and Plaintiffs' reply in support of class certification is due July 31, 2026. *See* ECF No. 37.

If Roku's pending motion to compel arbitration is denied, the Parties propose that they meet and confer, and propose the remaining pre-trial dates, within 30 days after a final resolution on the arbitration issue.

**16. Trial:**

Plaintiffs have requested a jury trial on all claims so triable. At this early stage in the litigation, the Parties are unable to estimate the expected length of the trial, because it will depend in large measure on the scope of the claims and whether or not any class is certified.

**17. Disclosure of Non-Party Interested Entities or Persons**

The Parties have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. The relevant contents of those certifications are as follows:

a. **Plaintiffs**: Other than the named parties, no interest to report (ECF No. 2).

b. **Defendant:** Roku filed its Corporate Disclosure Statement and Certification of Interested Entities or Persons (ECF No. 24), disclosing that FMR LLC owns more than 10% of Roku's stock, and Roku has the following subsidiaries: Purple Tag Enterprises, LLC; Roku Smart Home, LLC; Roku DX Holdings, Inc.; Roku Holdings, Inc.; Roku Canada, Inc.; Roku Denmark ApS; Purple Tag Media Technology (Shanghai) Ltd.; Enswers Inc.; TOH Intermediate Holdings LLC; Purple Tag Branded Content, LLC; Purple Tag Originals, LLC; Roku India Private Limited (fka DataXu India Private Limited); Roku DX UK Ltd; Purple Tag Media Technology (Shanghai) Ltd. Shenzhen Branch; This Old House Ventures LLC; Purple Tag Media Content, LLC; This Old House Productions LLC; Roku UK Limited; Roku Brasil Servicos de Conteudo de Midia Ltda.; Roku Brazil Support Services of Electronic Products Ltda.; Purple Tag (Taiwan) Ltd; Purple Tag Mexico, S.A. de C.V.; Roku International B.V.; LLC "Roku Ukraine";

Roku Germany GmbH; Roku Australia Pty Ltd; and Frndly TV, Inc.[1]

**18. Professional Conduct:**

All counsel of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Other Matters:**

There are no other matters that may facilitate the just, speedy, and inexpensive disposition of this matter at this time.

Respectfully submitted,

Dated: December 30, 2025        By: */s/ Johnathan Seredynski*
           Patrick Carey, (Bar No. 30862)
           Mark Todzo, (Bar No. 168389)
           LEXINGTON LAW GROUP
           503 Divisadero Street
           San Francisco, California 94105
           Telephone: (415) 913-7800
           Email: pcarey@lexlawgroup.com
           Email: mtodzo@lexlawgroup.com

           David S. Golub (pro hac vice forthcoming)
           Steven L. Bloch (pro hac vice)
           Ian W. Sloss (pro hac vice)
           Johnathan Seredynski (pro hac vice)
           Jennifer Sclar (pro hac vice forthcoming)
           SILVER GOLUB & TEITELL LLP
           One Landmark Square, Floor 15
           Stamford, Connecticut 06901
           Telephone: (203) 325-4491
           dgolub@sgtlaw.com
           sbloch@sgtlaw.com
           isloss@sgtlaw.com
           jseredynski@sgtlaw.com
           jsclar@sgtlaw.com

           *Attorneys for Plaintiffs and the Proposed Classes*

---

[1] Roku's Corporate Disclosure Statement also referenced Purple Tag Productions, LLC, which has since been wound down.

| | |
|---|---|
| Dated: December 30, 2025 | By: */s/ Victor Jih* <br> Victor Jih, Bar No. 186515 <br> vjih@wsgr.com <br> Lisa D. Zang, Bar No. 294493 <br> lzang@wsgr.com <br> Kelly H. Yin, Bar No. 328380 <br> kyin@wsgr.com <br> WILSON SONSINI GOODRICH & ROSATI <br> 1900 Avenue of The Stars, 28th Floor <br> Los Angeles, CA 90067 <br> Telephone: 424.446.6900 <br> Facsimile: 866.974.7329 <br><br> Dylan G. Savage, Bar No. 310452 <br> dsavage@wsgr.com <br> WILSON SONSINI GOODRICH & ROSATI <br> 1301 Avenue of the Americas, 40th Floor <br> New York, NY 10019-6022 <br> Telephone: 212.999.5800 <br> Facsimile: 866.974.7329 <br><br> Eric J. Weiss, admitted *pro hac vice* <br> EWeiss@perkinscoie.com <br> Mallory A. Gitt, admitted *pro hac vice* <br> MGitt@perkinscoie.com <br> PERKINS COIE LLP <br> 1301 Second Avenue, Suite 4200 <br> Seattle, Washington 98101-3804 <br> Telephone: 206.359.8000 <br> Facsimile: 206.359.9000 <br><br> Lauren Trambley, Bar No. 340634 <br> LTrambley@perkinscoie.com <br> PERKINS COIE LLP <br> 505 Howard Street, Suite 1000 <br> San Francisco, California 94105-3204 <br> Telephone: 415.344.7000 <br> Facsimile: 415.344.7050 <br><br> *Attorneys for Defendant* |

**ATTORNEY ATTESTATION**

I, Johnathan Seredynski, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other Signatories.

                                                */s/ Johnathan Seredynski*

                                                Johnathan Seredynski